Steven V. Berson Deputy Director Department of Revenue 1375 Sherman Street Denver, Colorado 80261
Dear Mr. Berson:
This opinion letter is in response to your June 16, 1980 request for an attorney general's opinion regarding the status of the Fountain Valley Authority for purposes of the sales and use tax.
QUESTION PRESENTED AND CONCLUSION
You requested an opinion on the following question:
Is the Fountain Valley Authority exempt from sales and use tax?
 This question is answered in the affirmative. The Fountain Valley Authority qualifies under the applicable statutory provisions for exemption from the sales and use tax.
ANALYSIS
The exemption of the Fountain Valley Authority from sales tax stems from the language found in C.R.S. 1973, 39-26-114:
 (1)(a) There shall be exempt from taxation under the provisions of this part 1 the following:
 (I) All sales to the United States government and to the state of Colorado, its departments and institutions, and the political subdivisions thereof in their governmental capacities only;
A similar exemption from the use tax for political subdivisions is found in C.R.S. 1973, 39-26-203.
In the case of Security Life and Accident Co. v.Heckers, 177 Colo. 455, 495 P.2d 225 (1972), the Colorado Supreme Court held that the sales and use tax exemptions for political subdivisions are limited to those items which are to be used in their "governmental capacities."
In the case of the Fountain Valley Authority there is no question that the authority is performing in a "governmental capacity." The authority was incorporated under the provisions of the Colorado Constitution and the statutes. Art. XIV, § 18(2)
 (a) Nothing in this constitution shall be construed to prohibit the state or any of its political subdivisions from cooperating or contracting with one another or with the government of the United States to provide any function, service, or facility lawfully authorized to each of the cooperating or contracting units, including the sharing of costs, the imposition of taxes, or the incurring of debt.
 (b) Nothing in this constitution shall be construed to prohibit the authorization by statute of a separate governmental entity as an instrument to be used through voluntary participation by cooperating or contracting political subdivisions.
C.R.S. 1973, 29-1-204.2 (1979 Cum. Supp):
 (1) Any combination of municipalities, special districts, or other political subdivisions of this state which are authorized to and do own and operate water systems or facilities may establish, by contract with each other, a separate governmental entity, to be known as a water authority . . . .
. . . .
 (4) The separate governmental entity established by such contracting parties shall be a political subdivision and a public corporation of the state . . . .
I have examined the following documents submitted by the Fountain Valley Authority to the Colorado Department of Revenue for the purpose of securing an exemption from sales and use taxes. This opinion is issued in reliance upon the authenticity of the following documents:
1. Establishing contract of Fountain Valley Authority, executed July 10, 1979, by the City of Colorado Springs, City of Fountain, Security Water District, and Stratmoor Hills Water District.
2. First amendment to establishing contract of Fountain Valley Authority, executed May 19, 1980, by the same parties named in paragraph 1.
3. Application letter for Fountain Valley Authority dated June 3, 1980, from Gar L. McInnis, risk manager, City of Colorado Springs.
4. Bond opinion letter, dated May 29, 1980, from the law firm of Kutak, Rock Huie.
5. Bond opinion letter, dated May 29, 1980, from the law firm of Dawson, Nagel, Sherman Howard.
6. Information sheet titled "Fountain Valley Authority."
7. Letter from Gar L. McInnis, risk manager, City of Colorado Springs, to Joe Macias, Department of Revenue, dated June 20, 1980.
References herein to the "authority" refer to the present Fountain Valley Authority, as an incorporated entity of the municipalities, and do not refer to a previously existing nonprofit corporation organized by the governments pursuant to articles of incorporation executed on November 8, 1978, also called the "Fountain Valley Authority."
The constituent municipalities of the authority are: City of Colorado Springs, City of Fountain, Security Water District, and the Stratmoor Hills Water District. The purpose of the authority is to effect the development of water resources, systems and facilities for the purpose of entering into a water treatment contract.
The board of directors of the authority is composed of:
 — 3 members from City of Colorado Springs; — 1 member from City of Fountain; — 1 member from Security Water District; and — 1 member from Stratmoor Hills Water District.
The contract provides that:
 No party shall be added to this contract unless such party constitutes a municipality, special district or other political subdivision of the State of Colorado. . .
The authority alleges in the bond opinion of Dawson, Nagel, Sherman and Howard that it has already obtained exemption from income taxation from your department.
We express no opinion as to the exemption of the authority from other forms of taxation, such as real property, income, and taxation of income from bonds issued by the authority. Exemption from sales taxation does not necessarily carry with it exemption from other forms of taxation.
SUMMARY
In summary, it is my opinion that the Fountain Valley Authority is exempt from the Colorado sales and use tax as a political subdivision of the state.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE SPECIAL DISTRICTS MUNICIPAL CORPORATIONS
C.R.S. 1973, 39-26-114
C.R.S. 1973, 39-26-203
REVENUE, DEPT. OF Taxation, Div. of
The Fountain Valley Authority is exempt from Colorado sales and use tax as a political subdivision of the state.